1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARLON ROBERSON,                        No.  2:22-cv-0831 TLN KJN P

12            Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   SHARON A. LUERAS, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

                                              1

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3        As set forth below, plaintiff's complaint is dismissed without leave to amend.

4  <u>Motion to Change Name</u>

5        On May 27, 2022, plaintiff filed a request to change defendant Lueras' name to Sharon A.

6  Lueras.  Good cause appearing, plaintiff's request is granted.  (ECF No. 8.)

7  <u>Screening Standards</u>

8        The court is required to screen complaints brought by prisoners seeking relief against a

9  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

11  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

15  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

19  Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.

20  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

21  meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at

22  1227.

23        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

24  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

26  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

27  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

28  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

1    sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

2    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

3    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

4    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

5    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

6    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

7    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

8    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9    Plaintiff's Complaint

10        Plaintiff names three defendants in his complaint:  Sharon A. Lueras, Sacramento County

11    Superior Court Judge; Stephanie Maroun, Sacramento County District Attorney; and Robert

12    Woodard, Sacramento County Public Defender.  Plaintiff claims his Fifth, Sixth and Fourteenth

13    Amendment rights were violated when an illegal DNA sample was used to hold plaintiff to

14    answer for criminal charges.  Plaintiff claims he notified his counsel, defendant Woodard, who

15    failed to act, yet alerted defendant DA Maroun to their defense strategy.  Judge Lueras was

16    notified, but also failed to act.  Plaintiff seeks money damages and immediate release without

17    probation or parole.  (ECF No. 1 at 8.)

18    Discussion

19        Plaintiff's claims against all of the defendants are vague and conclusory, but viewing

20    the allegations in the light most favorable to plaintiff the named defendants are immune from suit

21    and should be dismissed without leave to amend.

22        Plaintiff sues a state court judge, Sharon A. Lueras.  "Judges are immune from damage

23    actions for judicial acts taken within the jurisdiction of their courts. . . .  Judicial immunity applies

24    'however erroneous the act may have been, and however injurious in its consequences it may

25    have proved to the plaintiff.'"  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting

26    Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).  A judge can lose his or her immunity when

27    acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are

28    performed in excess of a judge's authority (which remain absolutely immune) from those acts

3

1   taken in clear absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial

2   immunity means anything, it means that a judge 'will not be deprived of immunity because the

3   action he took was in error . . . or was in excess of his authority'" (quoting Stump v. Sparkman,

4   435 U.S. 349, 356 (1978))).  For example, in a case where a judge actually ordered the seizure of

5   an individual by means of excessive force, an act clearly outside of his legal authority, he

6   remained immune because the order was given in his capacity as a judge and not with the clear

7   absence of jurisdiction.  Mireles, 502 U.S. at 12-13; see also Ashelman, 793 F.2d at 1075 ("A

8   judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that

9   is not judicial in nature.")

10      Based on plaintiff's complaint and the documents attached to it, it appears plaintiff seeks

11   monetary relief from the state court judge based on her actions taken within her jurisdiction in

12   handling plaintiff's underlying criminal matter.  Such actions are quintessential examples of

13   judicial acts.  Therefore, the defendant judge is immune from this suit, "however erroneous the

14   act[s] may have been."  Ashelman, 793 F.2d at 1075.  Plaintiff's proper course of action to

15   redress any alleged erroneous rulings by the defendant judge was to address those rulings in state

16   court.  Thus, plaintiff's claims against Judge Lueras should be dismissed without leave to amend.

17      Next, plaintiff named defendant District Attorney Maroun.  The United States Supreme

18   Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is

19   immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 431

20   (1976).  Such absolute immunity applies "even if it leaves 'the genuinely wronged defendant

21   without civil redress against a prosecutor whose malicious and dishonest action deprives him of

22   liberty.'"  Ashelman, 793 F.2d at 1075 (quoting Imbler, 424 U.S. at 427).  Thus, defendant

23   District Attorney Maroun is immune from suit and plaintiff's claims against her should be

24   dismissed without leave to amend.

25      Finally, plaintiff names Sacramento County Public Defender Robert Woodard as a

26   defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured

27   by the Constitution and laws of the United States, and must show that the alleged deprivation was

28   committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988)

1    (citations omitted).  "[A] public defender does not act under color of state law when performing a

2    lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Cnty. v.

3    Dodson, 454 U.S. 312, 325 (1981).  Because plaintiff's allegations involve defendant Woodard

4    acting in his capacity as an attorney during the course of criminal proceedings, he was not acting

5    under color of state law.  This means that plaintiff cannot bring a claim against Woodard under

6    § 1983.  Moreover, any potential claims for legal malpractice do not come within the jurisdiction

7    of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Therefore,

8    plaintiff cannot maintain an action against defendant Public Defender Woodard, and plaintiff's

9    claims against defendant Woodard should be dismissed without leave to amend.

10          Finally, as a general rule, a claim that challenges the fact or duration of a prisoner's

11   confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while

12   a claim that challenges the conditions of confinement should be addressed by filing a civil rights

13   action under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v.

14   Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Plaintiff

15   cannot obtain release from prison by filing a § 1983 action.  Therefore, plaintiff's request for

16   immediate release from prison is unavailable in this action.

17   Leave to Amend?

18          If the court finds that a complaint should be dismissed for failure to state a claim, the court

19   has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d at 1126-

20   30.  Leave to amend should be granted if it appears possible that the defects in the complaint

21   could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United

22   States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or

23   her complaint, and some notice of its deficiencies, unless it is absolutely clear that the

24   deficiencies of the complaint could not be cured by amendment." (citation omitted)).  But if it is

25   clear, after careful consideration, that a complaint cannot be cured by amendment, the court may

26   dismiss without leave to amend.  Cato, 70 F.3d at 1105-06 (affirming dismissal and finding the

27   plaintiff's "theories of liability either fall outside the limited waiver of sovereign immunity by the

28   United States, or otherwise are not within the jurisdiction of the federal courts").

1    The undersigned finds that, as set forth above, defendants Judge Lueras, District Attorney

2    Maroun, and Public Defender Woodard are immune from liability and the complaint does not

3    identify a waiver of immunity.  As it appears amendment would be futile, the undersigned

4    recommends that this action be dismissed as to these three defendants without leave to amend.

5    Conclusion

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

9    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11   Director of the California Department of Corrections and Rehabilitation filed concurrently

12   herewith.

13         3.  Plaintiff's request to change defendant Lueras' name to Sharon A. Lueras (ECF No. 8)

14   is granted, and the Clerk of the Court is directed to change the docket.

15         Further, IT IS RECOMMENDED that this action be dismissed with prejudice for failure

16   to state a claim.

17         These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, plaintiff may file written objections

20   with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

22   failure to file objections within the specified time may waive the right to appeal the District

23   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24   Dated:  June 3, 2022

25

26   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

27

28   /robe0831.56

6